IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2008

**STATE OF TENNESSEE v. THORNTON SHAYNE SNAPP**

**Appeal from the Criminal Court for Sullivan County**
**No. S50,297   Robert H. Montgomery, Jr., Judge**

**No. E2007-01269-CCA-R3-CD - Filed August 19, 2008**

The Sullivan County Grand Jury indicted Appellant, Thornton Shayne Snapp, for theft of property valued over $1,000 but less than $10,000.  At the conclusion of a jury trial, the jury found Appellant guilty as charged.  On appeal, Appellant argues that the evidence was insufficient to support a conviction for theft, and instead only supported a conviction for joyriding.  After a thorough review of the record, we have found the evidence to be sufficient to support the conviction and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. MCLIN, JJ., joined.

Richard A. Tate, Blountville, Tennessee, for the appellant, Thornton Shayne Snapp.

Robert E. Cooper, Jr., Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Greeley Wells, District Attorney General; and William Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

In the early morning hours of February 6, 2005, Annette Baird, the victim, was working at her job at the door of Gilligan's nightclub.  Gilligan's closed at 3:00 a.m.  Ms. Baird and several other employees went outside to start their cars, and they returned to Gilligan's to attend an employee meeting.  Ms. Baird drove a Ford Explorer she had purchased for $4,000 within the previous four weeks.  Appellant was sitting in the nightclub.  When asked why he was still there, he said he was waiting for a ride.  The employees told him he would have to wait outside.

About fifteen to twenty minutes later, the meeting concluded. Ms. Baird left the nightclub to get into her car. When she went outside, she found that her car was missing. The owner of the nightclub called the police to report that Ms. Baird's Explorer had been stolen. Officer Mike McCoy reported to the scene at approximately 4:00 a.m. He obtained a description of the car and other pertinent information, including the VIN number, from Ms. Baird. After gathering the information, Officer McCoy issued a "BOLO" for the vehicle in Sullivan County and the surrounding jurisdictions, including Kingsport.

A little after 5:00 a.m., Officer Eric Manis was on patrol in Kingsport. He had received the BOLO for Ms. Baird's vehicle. While sitting in a parking lot, he saw a Ford Explorer matching the description of Ms. Baird's vehicle. Officer Manis followed the vehicle and activated his blue lights. He ordered the driver out of the vehicle. Appellant stepped out of the Ford Explorer, and Officer Manis arrested him. Officer Manis ran the VIN number and it matched the number provided by Ms. Baird. The Bristol Police Department was notified, and Officer Manis met Officer McCoy in order to transfer custody of Appellant.

Ms. Baird went to Kingsport to recover her vehicle. When she arrived she discovered that her purse, which contained money and her credit cards, had been taken from underneath the seat. Ms. Baird later recovered her purse, but her money was no longer in the purse. Appellant approached her at his preliminary hearing and asked if she had received the purse. He also apologized for taking her vehicle.

On November 20, 2006, the trial court held a jury trial. At the conclusion of the trial, the jury convicted Appellant of theft of property valued between $1,000 and $10,000, a Class D felony. Following a sentencing hearing, the trial court sentenced Appellant to five years as a Range II Multiple Offender. Appellant filed a timely notice of appeal.

## ANALYSIS

Appellant argues three issues on appeal: (1) the evidence was insufficient as a matter of law to support a conviction; (2) the verdict of the jury was contrary to the law and the evidence; and (3) the evidence in the trial preponderates against the guilt of Appellant and in favor of his innocence. Basically, these issues are all an attack on the sufficiency of the convicting evidence. The State argues that the evidence was sufficient to support Appellant's conviction.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the state." *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence.

*Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990).

Theft occurs when, "[a] person . . . with intent to deprive the owner of property, . . . knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. "Theft of property . . . is: . . . A Class D felony if the value of the property or services obtained is one thousand dollars ($1,000) or more but less than ten thousand dollars ($10,000) . . . ." T.C.A. § 39-14-105(3).

Appellant specifically argues that the evidence did not support theft of property, but instead would support a conviction for joyriding. Joyriding occurs when, "A person takes another's automobile, airplane, motorcycle, bicycle, boat or other vehicle without the consent of the owner and the person does not have the intent to deprive the owner thereof." T.C.A. § 39-14-106. Joyriding is a Class A midemeanor. *Id.* The main difference between the two crimes is the defendant's intent with respect to depriving the owner of his vehicle.

The evidence, when taken in a light most favorable to the State, is that Ms. Baird started her car and left it running outside her place of employment. The vehicle was later recovered, and Appellant was driving the vehicle. In addition to her vehicle, Ms. Baird was missing the money that had been in her purse at the time the vehicle was stolen. Only quick police action led to the return of Ms. Baird's vehicle. There is ample evidence to support the jury's verdict. Moreover, it should be noted that the jury was instructed with respect to the elements of joyriding and rejected that offense. We conclude that the evidence does not preponderate against the findings of the jury, and there is sufficient evidence to support his conviction for theft of property valued between $1,000 and $10,000.

## CONCLUSION

We affirm the judgment of the trial court.

_____

-3-

JERRY L. SMITH, JUDGE